## IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND

CHARLES R. FLOYD,                                        *
on his own behalf and derivatively on behalf of          *
Farraj International Corporation,                         *
Farraj International Energy Corporation, and             *
Farraj International Maritime Corporation                *
9517 Newbridge Drive                                     *
Potomac, MD 20854                                        *
              Plaintiff                   *
                                                      *
                                                      *
     v.                            *
                                                      *
FADI FARRAJ                                              *
4940 Calvert Drive                                       *
Troy, MI 48045                                           *
                                                      *
    and                                 *
                                                      *
71 E Long Lake Road                                      *   Case No. _____
P.O. Box 709                                             *
Bloomfield Hills, MI 48304                               *
                                                      *
FARRAJ INTERNATIONAL CORPORATION                        *
9517 Newbridge Drive                                     *
Potomac, MD 20854                                        *
                                                      *
FARRAJ INTERNATIONAL ENERGY                             *
CORPORATION                                              *
9517 Newbridge Drive                                     *
Potomac, MD 20854                                        *
                                                      *
FARRAJ INTERNATIONAL MARITIME                           *
CORPORATION                                              *
aka                                                      *
THE US-IRAQ MARITIME CORPORATION                        *
9517 Newbridge Drive                                     *
Potomac, MD 20854                                        *

---

## COMPLAINT AND
## JURY TRIAL DEMAND

1

Plaintiff CHARLES R. FLOYD ("FLOYD"), on his own behalf -- *and derivatively on behalf of Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation* -- as and for his first Complaint against Defendants FADI FARRAJ ("Farraj"), and against FARRAJ INTERNATIONAL CORPORATION, FARRAJ INTERNATIONAL ENERGY CORPORATION, AND FARRAJ INTERNATIONAL MARITIME CORPORATION, alleges as follows:

## NATURE OF THE ACTION

1.      This action presents a classic case of greed, disloyalty, dishonesty, self- dealing, and oppression by the majority shareholder of Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation at the expense, inter alia, of minority shareholder CHARLES R. FLOYD, who is the Plaintiff herein.

2.      Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation were, by the representation of Defendant FADI FARRAJ, formed for the purpose of generating a profit for their owners while performing international business.

3.      Plaintiff CHARLES R. FLOYD is a business owner with a business address in Maryland.

4.      Upon the solicitations of Defendant FADI FARRAJ, while said Defendant was physically present in Maryland, Plaintiff Floyd invested operating capital in and thereby became a minority shareholder in Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation.

5.      One or more non-parties are also minority shareholders in Farraj International Corporation, Farraj International Energy Corporation, and/or Farraj International Maritime Corporation.

6.      Defendant FADI FARRAJ owns a majority of the stock of Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation and has acted as the sole director of Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation.

7.      In its first year of operations, Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation (collectively, the "Companies") made little if any profit.

8.      At the time, only Farraj as President of Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation collected the investment monies and drew an unauthorized salary.

9.      As the business of the Companies appeared about to become profitable and the parties were about a week away from a $3.5 million task order, Farraj decided to enrich himself at the expense of Plaintiff, of the other minority shareholders and of the Companies Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation by demanding total control of the Companies and the bank accounts thereof.

10.     Farraj also began voting himself directors' fees and profits.

11.     Because this compensation was apparently not enough, Farraj caused Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation to enter into phony contracts with one or more Third Parties, from which he received kickbacks.  He even cancelled existing contracts without the knowledge of shareholder Floyd.

12.     During this entire time, Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation held no annual shareholders' meetings and provided virtually no information to Plaintiff about the financial performance of the business or the schemes that Farraj had devised to enrich himself.

13.     Nevertheless, Farraj continued to serve as director and expand his powers

over Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation, without the consent of the shareholders or, in his nominal capacity as director, of Plaintiff Floyd.

14.     From the inception of Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation, up to and including the present, only Farraj and Floyd have been identified as directors of Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation. No independent or otherwise disinterested individual has ever been a director. With only Plaintiff Floyd and Defendant Farraj as directors, no action requiring action of the board of directors could legally be commenced by Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation without the vote of both Plaintiff Floyd and Defendant Farraj. Yet, Defendant Farraj took many such actions (a) without notice of a meeting of the board of directors, (b) without a meeting of the board of directors, and (c) without the consent of the board of directors.

15.     In particular, Defendant Farraj cancelled the $3.5 million contract on his own, (a) without notice of a meeting of the board of directors, (b) without a meeting of the board of directors, and (c) without the consent of the board of directors.

16.     The scheme unraveled in early 2012, when Defendant Farraj would not provide receipts of expenses and Defendant Farraj stopped funding the business development effort for the first $3.5 million task order and Defendant Farraj would not provide to Plaintiff Floyd the final signed authorized contract with the Iraqi government.

17.     Further, the wife of Defendant Farraj succumbed after a long illness, leaving Defendant Farraj access to his wife's life insurance proceeds, which freed him from the immediate need of access to further capital from Plaintiff Floyd.

18.     Defendant Farraj advised Plaintiff Floyd that if Plaintiff Floyd did not turn over

4

all his ownership interests in the Companies to Defendant Farraj then Defendant Farraj would use his position within the Companies to destroy the value of such companies and to transfer that value to another company or companies over which Defendant Farraj had complete control.

19.     That unknown company and/or those companies to whom, on information and belief, Defendant Farraj is transferring the assets of the Companies is/are referred to herein as the Third Party/Third Parties.

20.     Defendant Farraj manifested that scheme by causing the termination of a large contract which one of the Companies had recently entered into with the government of Iraq. Farraj did process the documents for a new business license with the Iraqi Commercial Affairs under a new solely owned company—**Farraj International Group**, one of the Third Parties.

21.     Collectively, the acts and omissions of Farraj alleged herein amount to a serious breach of his fiduciary duties of care and loyalty to Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation and to the Plaintiff.

22.     In sum, Farraj operated Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation for his own personal benefit, not for the benefit of Farraj International Corporation, Farraj International Energy Corporation, or Farraj International Maritime Corporation or for the Companies' shareholders or investors, including Plaintiff.

23.     Defendant Farraj is therefore liable to return to Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation, with interest, all money he looted from Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation and all assets he transferred to the Third Party/Third Parties, including but not limited to Farraj International Group.

24.     Farraj International Corporation, Farraj International Energy Corporation, and

Farraj International Maritime Corporation are also liable for aiding and abetting Farraj's siphoning of the assets of Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation for Defendant Farraj's own personal gain.

25.     Finally, under the circumstances, there are sufficient grounds to order the involuntary dissolution of Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation and to appoint a receiver to supervise their continued operation in a manner that is fair to Plaintiff.

## PARTIES

26.     Plaintiff CHARLES R. FLOYD is a natural person who maintains his business residence in the State of Maryland.

27.     Defendant Farraj is a natural person, who maintain his residence in the state of Michigan but has substantial minimum contacts in the State of Maryland.

28.     Defendant Farraj created Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation while he was physically present in Maryland.

29.     Defendant Farraj solicited Plaintiff Floyd to invest in Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation while Defendant Farraj was physically in Maryland.

30.     Defendant Farraj performed many acts regarding the day-to-day business of Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation while Defendant Farraj was in Maryland.

31.     The principal place of business of Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation are each in Potomac, Maryland.

32.     Defendant Farraj has substantial minimum contacts with the State of Maryland sufficient for Maryland to assert and to have personal jurisdiction over Defendant Farraj.

33.     A certificate of incorporation was filed, on information and belief, in April of 2010, for Farraj International Corporation in Delaware, as a close corporation, with Plaintiff Floyd and Defendant Farraj as its two initial directors.

34.     A copy of certain pertinent documents of Farraj International Corporation are attached as **Exhibit 1**.

35.     Farraj International Maritime Corporation was previously known as the US-Iraq Maritime Corporation.

36.     A certificate of incorporation was filed for US-Iraq Maritime Corporation in Delaware in 2009 and an amended certificate in 2011.

37.     A copy of certain pertinent documents of Farraj International Maritime Corporation are attached as **Exhibit 2**.

38.     A certificate of incorporation was filed, in April of 2011, for Farraj International Energy Corporation in Delaware, as a close corporation, with Plaintiff Floyd and Defendant Farraj as its two initial directors.

39.     A copy of certain pertinent documents of Farraj International Energy Corporation are attached as **Exhibit 3**.

40.     Defendant Farraj signed documents in each of Exhibit 1, Exhibit 2 and Exhibit 3 while physically present in Maryland.


## ALLEGATIONS COMMON TO ALL COUNTS

41.     Since the incorporations of Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation, Farraj has acted as if he were the sole director of each, notwithstanding the documents attached as Exhibits 1 – 3, designating a role as director for Plaintiff Floyd.

42.     Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation have paid no dividends to Plaintiff Floyd.

43.     On information and belief, the actions of Defendant Farraj have driven the value of the stock of each of the Companies virtually to zero.

44.     Despite the fact that Maryland law and the bylaws of Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation each require that the Companies hold an annual meeting of their shareholders and directors for the purpose of electing directors and transacting other business, Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation have held virtually no meetings since documents included in Exhibits 1 - 3 were filed in Delaware.

45.     The bylaws of each of the Companies require that both Plaintiff Floyd and Defendant Farraj agree on all issues that effect the Companies. Farraj has disregarded this obligation.

46.     There was never any corporate action of directors or shareholders that either Farraj International Corporation, Farraj International Energy Corporation, or Farraj International Maritime Corporation authorized the payment of executive compensation to any director of Farraj International Corporation, Farraj International Energy Corporation, or Farraj International Maritime Corporation or authorized any director to use invested funds for his personal use.

47.     Those facts notwithstanding, Farraj so paid himself.

48.     Farraj did not make any informed, deliberate judgment, in good faith, that the sums he caused Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation to pay Farraj were fair to Farraj International Corporation, Farraj International Energy Corporation, or Farraj International Maritime Corporation and not a vehicle for oppression of Plaintiff Floyd, and were otherwise in the best interests of Farraj International Corporation, Farraj International Energy Corporation, and

Farraj International Maritime and to all their shareholders.

49.     Farraj did not make – and could not have made -- any informed, deliberate judgment, in good faith, that the termination of contracts and other business opportunities of Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation  was fair to Plaintiff (or investors) or to Floyd, Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation .

50.     Instead, these terminations were a vehicle for oppression of Plaintiff Floyd, and otherwise not in the best interests of Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation and all their shareholders (or creditors).

51.     Because of all the acts of Defendant Farraj aforesaid, it is unrealistic to expect that  he will either facilitate full and fair discovery of the allegations raised ·herein or bring the claims asserted herein against himself in favor of Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation.  Such actions are clearly adverse to Farraj's own interests.

52.     There are no persons other than Plaintiff Floyd who have knowledge of the causes of action asserted herein and both the ability and the motivation to bring this suit.


### COUNT I
(Constructive Fraud/Breach of Fiduciary Duty)
(Plaintiff, Derivatively on Behalf of Farraj International Corporation, Farraj International
Energy Corporation, and Farraj International Maritime Corporation
Against Defendant Farraj, et. al.)

53.     Plaintiff adopts by reference each and every one of the aforegoing allegations as if alleged in full herein, except as inconsistent herewith.

54.     As director and officers of Farraj International Corporation, Farraj

International Energy Corporation, and Farraj International Maritime Corporation, Farraj was entrusted with powers to be exercised for the common and general interest of Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation and its shareholders, and not for his private, individual gain.

55.   Defendant Farraj entered into a relationship of trust and confidence with Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation and each of their shareholders, including Plaintiff Floyd.

56.   Accordingly, Farraj owed fiduciary duties of care and loyalty to Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation, as well as to Plaintiff.

57.   Farraj intentionally breached his fiduciary duties of care and loyalty to Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation and the Plaintiff by:

(a)   failing to hold annual meetings of Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation's shareholders and directors, as required by statute and as required by Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation own by-laws;

(b)   failing to fulfill his obligations as director of Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime including by not coordinating decisions with Plaintiff Floyd;

(c)   arbitrarily paying dividends only to himself from the funds of Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime without having the board of directors formally consider and approve the calculation, amount, and timing of such payments in light of the Companies' financial performance; no payments being made to other investors,

(d)   diverting funds and other assets of Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime to Farraj's personal use, including but not limited to payment of Farraj's personal real estate taxes from investor funds.

(e) causing Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation to surrender valuable

assets to one or more Third Parties, in which Farraj had a direct and substantial financial interest, without disclosing that interest to Plaintiff;

(f) causing Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation to pay Third Parties' "fees" on the basis of fraudulent invoices and in exchange for services that were not actually provided, and, at the time such invoices were issued, either knowing that they were materially false and misleading or acting with reckless indifference as to his truth;

(g) entering into and implementing the foregoing interested transactions without any transparency or meaningful process;

(h) failing to obtain competent legal advice for the Companies as to the legality of his schemes;

(k) failing to inform the Plaintiff of the financial performance of Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation .

58.     By reason of the foregoing acts and omissions, Farraj failed to act in good faith, failed to exercise ordinary care as a director of Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation, and failed to perform his duties as director in a manner he reasonably believed was in the best interests of Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation.

59.     Farraj breached his fiduciary duties of loyalty to Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime and to the Plaintiff.

60.     Farraj had a common interest on both sides of the foregoing transactions.

61.     The foregoing transactions were not authorized, approved, or ratified by the affirmative vote of a majority of disinterested directors either because: (a) there were no meetings allowed; (b) Defendant was not disinterested; or (c) there was incomplete disclosure.

62.     Defendant Farraj did not permit a vote to authorize, ratify, or approve the

challenged activities, after duly and independently considering whether it was fair and reasonable to Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation, and all their shareholders.

63.     The foregoing transactions were not authorized, approved, or ratified by a majority of the votes cast by the shareholders entitled to vote.

64.     The foregoing transactions were not fair and reasonable to Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation,

65.     The foregoing transactions do not qualify as the fixing by Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation's board of directors of reasonable compensation for Farraj, whether as directors or in any other capacity.

66.     As a direct and proximate result of Farraj's breaches of his fiduciary duties of care and loyalty, Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation, , have suffered financial harm.

67.     Farraj was aware that: (a) Plaintiff Floyd justifiably believed and trusted that he, as the majority shareholder of Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation , would not act in a manner adverse to or inconsistent with Plaintiff's interests as minority shareholder; (b) Plaintiff lacked knowledge of Farraj's excessive, self-interested compensation scheme or the means of acquiring such knowledge in time to stop it; and (c) in light of the amount of Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation earnings involved, implementation of this scheme posed a grave risk of harm to Plaintiff financial interests and Plaintiff reasonable expectations of a return on his investments in Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation.

68.     Given this awareness and Farraj's motivation for private financial gain at the expense of Plaintiff, his fellow shareholders (and investors and debtors), Farraj's conduct amounts to a knowing and conscious disregard for Plaintiff's rights and for the extreme risk of harm posed by his deceitful and fraudulent conduct.  Under the circumstances, the assessment of punitive damages is necessary to punish Farraj's misconduct and deter such behavior by them and others.

69.     Any demand from Plaintiff to Farraj that Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation bring this claim against Farraj would have been futile because Farraj was the majority shareholder of Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation and control a substantial majority of the voting power of Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation 's stock.

70.     Moreover, Farraj has dominated and controlled Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation, and continues to do so, and has acted and continue to act with utter disregard for his fellow director and fellow shareholders as reflected in his failure to hold any substantive director or shareholder meetings for the purpose of voting on his schemes.

71.     By virtue of his power and control over Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation and the nature of his wrongful conduct alleged herein, it is a virtual certainty that Farraj would not have authorized Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation to sue him for any reason.

WHEREFORE, Plaintiff demands judgment against Defendants Farraj, Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation as follows:

(1) declaring that the salaries, directors' fees, and fees Farraj caused Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation  to pay to him amount to a breach of his fiduciary duties to Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation, constitute a waste of Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation's resources, and are therefore wrongful and invalid;

(2) declaring that the said directors' fees and fees violate the applicable provisions of Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation 's by- laws and are therefore *ultra vires,* null, and void;

(3) declaring that the that the valuable assets of  Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation transferred by Defendant Farraj to one or more Third Parties  amount to a breach of Defendant Farraj's fiduciary duties to Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation, constitute a waste of Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation's resources, and are therefore wrongful and invalid;

(4) declaring that the valuable assets of  Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation transferred by Defendant Farraj to one or more Third Parties violate the applicable provisions of Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation 's by- laws and are therefore *ultra vires,* null, and void;

(5) entering a decree compelling Farraj to account for, disgorge, and make restitution to Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation  of the full amount of all these payments and transfers of

assets;

(6) setting aside Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation's agreements with the Third Parties and declaring them null and void;

(7) awarding Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation compensatory damages in the amount of at least $5 million plus punitive damages in the amount of $1 million;

(8) entering a decree directing Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation to pay Plaintiff an appropriate dividend from all funds so repaid to the Companies; and

(9) awarding Plaintiff the reasonable attorneys fees, expert fees, and costs incurred in pursuing this derivative claim, to be paid prior to the payment of the dividend requested herein;

## COUNT II
### (Unjust Enrichment)
(Plaintiff, Derivatively on Behalf of Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation)

72.     Plaintiff adopts by reference each and every one of the foregoing allegations as if alleged in full herein, except as inconsistent herewith.

73.     Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation conferred a financial benefit on Farraj and on one or more Third Parties by paying one or more Third Parties compensation for purported services that were never actually provided and by cancelling and/or diverting the principal contract.

74.     The cancellation of a contract of Farraj International Corporation, Farraj

International Energy Corporation, and Farraj International Maritime Corporation that has the intention and result of a Third Party, controlled by Defendant Farraj, of receiving the contract is equivalent to transferring that contract to the Third Party.

75.     Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation received no consideration for the wrongful termination of the aforesaid contract or the other fraudulent transfers.

76.     The one or more Third Parties were aware and appreciated the financial benefit conferred upon them by Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation

77.     The one or more Third Parties knowingly accepted this financial benefit under circumstances clearly indicating that: (a) they had no *bonafide* entitlement to be paid for services that they never provided to Farraj International Corporation, Farraj International Energy Corporation, or Farraj International Maritime Corporation ; (b) they had no intention of providing services to Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation that were not duplicative of the services that Farraj was already providing to Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation ; (c) a disinterested majority of Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation 's directors would never has approved these fraudulent transfers; and (d) the entire benefit amounted to a theft of Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation 's corporate funds by its director.

78.     Given the foregoing circumstances, it would be inequitable to allow the one or more Third Parties to keep any of the fraudulent transfers they received from Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation .

79.      S u c h  Third Parties who can be identified and brought under the jurisdiction of this Court should therefore be compelled to make restitution of the total amount of these payments and fraudulent transfers.

80.      Defendant Farraj should be compelled to make restitution of the total amount of these payments and fraudulent transfers.

81.      Farraj clearly knew that the one or more Third Parties had no *bonafide* entitlement to be paid for services that they never in fact provided to Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation. Farraj also clearly knew that he, personally, was already providing identical services to Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation.

82.      Under the circumstances, the only plausible reason for Farraj to create the illusion that one or more Third Parties were providing additional services to Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation, not duplicative of the work he were already performing, was to fraudulently conceal the additional, unjustified, and grossly excessive compensation he were siphoning from Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation's treasury.

83.      Defendant Farraj intentionally caused one or more Third Parties to issue false invoices or no invoices to Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation for the fraudulent transfers, listing services that were never provided to Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation and for which Farraj had no intention of ever providing or which were grossly inflated.

84.      At the time that these invoices were issued, Farraj knew that he was being materially false and misleading or caused them to be issued with reckless indifference as to the truth

17

of the representations contained within them.

85.    Farraj used one or more Third Parties to perpetrate a fraud on Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation and its stockholders, including Plaintiff.

86.    As a result, Farraj should be held jointly and severally liable with one or more Third Parties to make restitution of all fraudulent transfers he caused Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation to pay the one or more Third Parties.

87.    The one or more Third Parties' obligation to make this restitution became certain, definite, and liquidated no later than the end of the respective dates when Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation paid the applicable fees to the one or more Third Parties.

88.    Accordingly, pursuant to MD. CONST. art. 3, §57 and MD. CODE ANN., CoMM. LAW §12-102, Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation should pay prejudgment interest at the rate of six (6) percent per annum, commencing from those respective dates.

89.    As set forth above, Farraj used his domination and control of Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation to shield the existence of the one or more Third Parties, and the payments being made to Third parties based on the fraudulent invoices created by Farraj , from the Plaintiff.

90.    Moreover, as a result of Farraj 's domination and control of Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation, Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation  were unable to take appropriate action against one or more Third Parties on behalf of all stockholders until this relationship and these fraudulent payments were belatedly disclosed to Plaintiff or determined by independent investigation.

91.     Any demand from Plaintiff that Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation bring this claim would have been futile because Farraj is the sole director of Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation and control a substantial majority of the voting power of Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation 's stock.

92.     Farraj also personally benefitted from his receipt of these fraudulent transfers. Under these circumstances, it is a virtual certainty that Farraj would not have authorized Farraj International Corporation, Farraj International Energy Corporation, and/or Farraj International Maritime Corporation to sue one or more Third Parties or himself individually for any reason. In fact, Farraj , through his domination and control of Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation , knowingly and intentionally precluded Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation from taking any action against one or more Third Parties (which, on information and belief, Farraj owns and/or controls), until such time as Plaintiff was finally able to secure access to this previously concealed information and could bring the present action.

WHEREFORE, Plaintiff demands judgment against Defendants Farraj, Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation as follows:

(1) An order directing Defendant Farraj and such of the Third Parties as may be brought before this Court to make restitution to Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation;

(2) Awarding prejudgment interest on this principal sum at the legal rate, commencing from the respective dates when Farraj International Corporation, Farraj

19

International Energy Corporation, and Farraj International Maritime Corporation paid the one or more Third Parties the purported consulting-services fees alleged herein;

(3) Adjudging Farraj jointly and severally liable for the full amount of such restitution;

(4) entering a decree directing Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation to pay Plaintiff an appropriate dividend from all funds so repaid to the Companies; and

(5) awarding Plaintiff his reasonable attorneys fees and costs incurred in pursuing this derivative claim.


## COUNT III
### (Negligence)
(Plaintiff, Derivatively on Behalf of Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation, Against Defendant Farraj, et. al.)

93.    Plaintiff adopts by reference each and every one of the foregoing allegations as if alleged in full herein, except as inconsistent herewith.

94.    As director and officer of Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation, Farraj was entrusted with powers to be exercised for the common and general interest of Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation and their shareholders, and not for his private, individual gain. He thereby entered into a relationship of trust and confidence with Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation and each of their shareholders, including Plaintiff Floyd. Accordingly, Farraj owed fiduciary duties of care and loyalty to Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation as well as to Plaintiff.

20

95.     Farraj negligently breached his fiduciary duties of care to Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation and to the Plaintiff by:

(a) negligently failing to hold annual meetings of Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation's shareholders and directors, as required by statute and as required by Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation own by-laws;·

(b) negligently failing to fulfill his obligations as director of Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime including by not coordinating decisions with Plaintiff Floyd;

. (c) negligently paying dividends only to himself from the funds of Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime without having the board of directors formally consider and approve the calculation, amount, and timing of such payments in light of the Companies' financial performance; no payments being made to other investors,

(d) negligently diverting funds and other assets of Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime to Farraj's personal use, including but not limited to payment of Farraj's personal real estate taxes from investor funds.

(e) negligently causing Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation to surrender valuable assets to one or more Third Parties, in which Farraj had a direct and substantial financial interest, without disclosing that interest to Plaintiff;

(f) negligently causing Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation to pay Third parties' "fees" on the basis of fraudulent invoices and in exchange for services that were not actually provided, and, at the time such invoices were issued, either knowing that they were materially false and misleading or acting with reckless indifference as to his truth;

(g) negligently entering into and implementing the foregoing interested transactions without any transparency or meaningful process;

(h) negligently failing to obtain competent legal advice for the Companies as to the legality of his schemes;

(k) negligently failing to inform the Plaintiff of the financial performance of Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation.

96.     By reason of the foregoing acts and omissions, Farraj failed to exercise ordinary care as director of Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation , and failed to perform his duties as director in a manner he reasonably believed was in the best interests of Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation.

97.     Farraj had a common interest on both sides of the foregoing transactions.

98.     The foregoing transactions were not authorized, approved, or ratified by the affirmative vote of a majority of disinterested directors either because: (a) other than Plaintiff Floyd, there were no such directors, and no such meetings were allowed; or (b) in the case of the contract with one or more Third Parties, Farraj negligently failed to disclose the conflicting interest to prior to its purported approval by Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation 's board and did not affirmatively vote, alone, to authorize, ratify, or approve it after duly and independently considering whether it was fair and reasonable to Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation  and all their shareholders.

99.     The foregoing transactions were not authorized, approved, or ratified by a majority of the votes cast by the shareholders entitled to vote other than the votes of shares owned of record by Farraj.

100.    The foregoing transactions were not fair and reasonable to Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation.

101.    The foregoing transactions do not quality as the fixing by Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation 's board of directors of reasonable compensation for Farraj whether as director or

in any other capacity.

102.    As a direct and proximate result of Farraj's breaches of his fiduciary duties of care and loyalty, Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation have suffered financial harm.

103.    Farraj was aware that: (a) Plaintiff justifiably believed and trusted that he, as the director and controlling shareholder of Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation , would not act in a manner adverse to or inconsistent with Plaintiff interests as minority shareholder; (b) Plaintiff lacked knowledge of Farraj's excessive, self-interested compensation scheme or the means of acquiring such knowledge in time to stop it; and (c) in light of the amount of Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation 's earnings involved, implementation of this scheme posed a grave risk of harm to Plaintiff financial interests and Plaintiff reasonable expectations of a return on his investments in Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation .

104.    Any demand from Plaintiff that Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation  bring this claim against Farraj would have been futile because Farraj is the majority shareholder and co-director of Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation  and  controls  a substantial majority of the voting power of Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation's stock. With two directors, Defendant Farraj has the power to block any decision of the two directors to authorize suit.

105.    Moreover, Farraj has and continues to dominate and control Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation , negligently breaching his duties owed to his fellow shareholders as reflected in his

failure to hold any shareholder meetings.

106.    By virtue of his power and control over Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation and the nature of his wrongful and negligent conduct alleged herein, including cancellation of a valuable contract, it is a virtual certainty that Farraj would not have authorized Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation to sue him for any reason.

WHEREFORE, Plaintiff demands judgment against Defendants Farraj, Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation as follows:

(1) declaring that the salaries, directors' fees, and fees Farraj caused Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation to pay to him amount to a breach of his fiduciary duties to Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation , constitute a waste of Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation 's resources, and are therefore wrongful and invalid;

(2) declaring that the said directors' fees and fees violate the applicable provisions of Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation 's by-laws and are therefore *ultra vires,* null, and void;

(3) declaring that the that the valuable assets of Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation transferred by Defendant Farraj to one or more Third Parties amount to a breach of Defendant Farraj's fiduciary duties to Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation, constitute a waste of Farraj

24

International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation's resources, and are therefore wrongful and invalid;

(4) declaring that the valuable assets of Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation transferred by Defendant Farraj to one or more Third Parties violate the applicable provisions of Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation's by-laws and are therefore *ultra vires*, null, and void;

(5) entering a decree compelling Farraj to account for, disgorge, and make restitution to Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation of the full amount of all these payments and transfers of assets;

(6) setting aside Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation's agreements with the Third Parties and declaring them null and void;

(7) awarding Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation compensatory damages in the amount of at least $5 million plus punitive damages in the amount of $1 million;

(8) entering a decree directing Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation to pay Plaintiff an appropriate dividend from all funds so repaid to the Companies; and

(9) awarding Plaintiff the reasonable attorneys fees, expert fees, and costs incurred in pursuing this derivative claim, to be paid prior to the payment of the dividend requested herein.

## COUNT IV
(Judicial Dissolution of Farraj International Corporation, Farraj International
Energy Corporation, and Farraj International Maritime Corporation
under Md. Code Ann., Corps. & Ass'ns § 3-413(b)(2))

107.    Plaintiff adopts by reference each and every one of the foregoing allegations as if alleged in full herein, except as inconsistent herewith.

108.    At all times relevant to this action, and presently, Plaintiff is a minority shareholder of Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation and is entitled to vote in the election of Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation 's directors.

109.    Under MD. CODE ANN., CORPS. & ASSNS § 3-413, Plaintiff therefore has standing as a shareholder and director of Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation to apply for entry of a judicial decree dissolving the company.

110.    The acts and omissions of Farraj alleged herein not only amount to deceitful conduct and a lack of good faith and fair dealing, he also substantially defeated Plaintiff's reasonable expectations of sharing in Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation 's corporate earnings and other economic success.

111.    The Court should exercise its statutory discretion to decree the dissolution of Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation  and/or grant all appropriate ancillary relief authorized by the dissolution statute because the acts and omissions of Farraj who is  the sole director of

Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation and exclusively controls the company, are illegal, oppressive, and fraudulent within the meaning of Mo. CODE ANN., CORPS. & ASSNS § 3-413(b)(2).

WHEREFORE, Plaintiff demands judgment against Defendants Farraj, Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation as follows:

(1). On Count IV (Proceeding Under MD. CODE ANN.,CORPS. & ASS,NS § 3-413(b)), entering a decree for the dissolution of Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation;

(2) grant all appropriate ancillary relief authorized by the dissolution statute because the acts and omissions of Farraj who is effectively the sole director of Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation are illegal, oppressive, and fraudulent within the meaning of Mo. CODE ANN., CORPS. & ASSNS § 3-413(b)(2).

## COUNT V
### (Proceeding Under Md. Code Ann., Corps. & Ass'ns § 1-403(b))

112.   Plaintiff adopts by reference each and every one of the foregoing allegations as if alleged in full herein, except as inconsistent herewith.

113.   At all times relevant to this action, and presently, Plaintiff is a shareholder of Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation and is entitled to vote in the election of Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation 's directors.

114. Under MD. CODE ANN., CORPS. & ASS'NS § 1-403(b)(1), Plaintiff therefore have standing as shareholders of Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation to initiate a proceeding to enjoin Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation from performing an act or transferring personal property for which it lacked corporate power.

115. As alleged herein, Farraj caused Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation to terminate the Joint Venture Agreement contract with the Iraqi government in order to get that contract for himself and to pay himself director's fees in violation of the prohibition on director salaries contained in the by-laws.

116. As alleged herein, Farraj caused Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation to enter into contracts or transferred valuable assets with or to one or more Third Parties without the approval of a majority of disinterested directors, as required by-laws.

117. Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation lacked corporate power to cancel valuable contracts.

118. By virtue of the foregoing facts, the Court should exercise its statutory discretion to set aside the termination of agreements by Defendant Farraj of Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation and any one or more Third Parties.

119. To the extent permissible under MD. CODE ANN., CORPS. & ASS'NS § 1-403(b)(1), Plaintiff also request that the Court order the disgorgement of any compensation or benefits previously paid to one or more Third Parties under these agreements.

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

    (1)    grant Plaintiff all appropriate ancillary relief authorized by the statute because the acts and omissions of Farraj who is effectively the sole director of Farraj International Corporation, Farraj International Energy Corporation, and Farraj International Maritime Corporation are illegal, oppressive, and fraudulent within the meaning of Mo. CODE ANN., CORPS.&ASSNS § 3-413(b)(2).

    (2)    award Plaintiff the costs of this action;

    (3)    grant Plaintiff such other, further, and general relief as to which Plaintiff is entitled.

Respectfully submitted,

Daniel S. Willard, Esq.
Daniel S. Willard, P.C.
51 Monroe Street, Penthouse IV
Rockville, MD  20850
(301) 424-1177

## AFFIDAVIT

I, the undersigned, declare or affirm under the penalties of perjury that the factual allegations of the aforegoing are true, to the best of my knowledge information and belief.

Charles R. Floyd

(1)     grant Plaintiff all appropriate ancillary relief authorized by the statute because the

acts and omissions of Farraj who is effectively the sole director of Farraj International

Corporation, Farraj International Energy Corporation, and Farraj International Maritime

Corporation are illegal, oppressive, and fraudulent within the meaning of Mo. CODE ANN.,

CORPS. & ASSNS § 3-413(b)(2).

(2)     award Plaintiff the costs of this action;

(3)     grant Plaintiff such other, further, and general relief as to which Plaintiff is entitled.

Respectfully submitted,

_____

Daniel S. Willard, Esq.
Daniel S. Willard, P.C.
51 Monroe Street, Penthouse IV
Rockville, MD  20850
(301) 424-1177

## AFFIDAVIT

I, the undersigned, declare or affirm under the penalties of perjury that the factual
allegations of the aforegoing are true, to the best of my knowledge information and belief.

Charles R. Floyd

## Demand for Jury Trial

Plaintiff, by undersigned counsel and pursuant to Rule 2-325, hereby demands a trial by a jury of 12 individuals as to all issues raised by Plaintiff's claims against Defendants and triable as of right by a jury.

Daniel S. Willard, Esq.